41 F.3d 1507
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael KRESE, Petitioner-Appellant,
v.
William OVERTON, Respondent-Appellee.
 No. 94-1470.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1994.
 
 1
 Before: MARTIN and BATCHELDER, Circuit Judges, and ENSLEN, District Judge.*
 
 ORDER
 
 2
 Michael Krese appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1980, Krese was convicted of breaking and entering and of being a fourth felony offender; he was sentenced to twelve to twenty years of imprisonment. In October 1989, Krese was released on parole. In March 1991, Krese was arrested by federal agents on a weapons charge. Krese's parole was subsequently revoked. Krese's challenge to his parole revocation in the Michigan state courts was denied.
 
 
 4
 Krese then filed a petition for a writ of habeas corpus in federal court, alleging that Michigan had improperly revoked his parole because he had completed serving his term of imprisonment and was no longer on parole when he committed the act which served as the basis for the parole revocation. The district court determined that Krese was still on parole at the time of the aforementioned act and, therefore, dismissed his habeas corpus petition.
 
 
 5
 Upon review, we conclude that the district court properly dismissed Krese's petition for a writ of habeas corpus. Krese has not shown a fundamentally unfair proceeding resulting in his unjust confinement. Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993). A review of the evidence in the record demonstrates that Krese was still on parole at the time he committed the act resulting in his parole violation.
 
 
 6
 Accordingly, we affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard A. Enslen, U.S. District Judge for the Western District of Michigan, sitting by designation